AUSA Michael Chmelar 312-886-7655

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

RENE GONZALES, JR.

)
)  Case No.
)



08 CR   566

FILED
7-17-08
JUL 1 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE DENLOW

## AFFIDAVIT IN REMOVAL PROCEEDING

I, TYROLIA COLLINS, personally appearing before United States Magistrate Judge

MARIA VALDEZ and being duly sworn on oath, state that as a federal law enforcement

officer I have been informed that RENE GONZALES, JR. (hereinafter "Gonzales"), has been

charged by Indictment in the Southern District of Texas with the following criminal offenses:

conspiracy with intent to distribute a controlled substance in violation of Title 21, United

States Sections 846, 841(a)(1), and 841(b)(1)(A) (Count 1); and possession with intent to

distribute a controlled substance in violation of Title 21, United States Code, Sections

841(a)(1), and 841(b)(1)(A) and Title 18, United States Code, Section 2 (Count 5); and

conspiracy to commit money laundering in violation of Title 21, United States Code, Section

1956(a)(1)(A)(i) and (h) (Count 7).

A copy of the Indictment is attached. I have been informed through official channels that a warrant for the arrest of Gonzales has been issued pursuant to the Indictment. A copy of the arrest warrant also is attached.

TYROLIA COLLINS
Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN to before me this 17th day of July, 2008.

MARIA VALDEZ
United States Magistrate Judge

AO 442    (Rev. 5/93) Warrant for Arrest

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | TEXAS |
| --- | --- | --- |

UNITED STATES OF AMERICA

V.

**RENE GONZALES, JR.**

**WARRANT FOR ARREST**

Case        CR-C-08-318-(13)

To: The United States Marshal
    and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to       Rene Gonzales, Jr.
                                                                          Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

X Indictment        Information  Complaint        Order of court        Violation Notice        **Probation Violation**

charging him or her with  (brief description of offense)

## SEALED

in violation of Title    18 and 21    United States Code, Section(s)   1956, 841, 846

| | |
| --- | --- |
| Michael N. Milby | CLERK |
| Name of Issuing Officer | Title of Issuing Officer |
| *Lisa Hardwick* | Corpus Christi, TX  May 20, 2008 |
| Signature of Issuing Officer  (By: Deputy Clerk) | Date and Location |

Bail fixed at $   NO BOND        Peter E. Ormsby, U.S. Magistrate Judge
                                                                          Name of Judicial Officer

| RETURN | | |
| --- | --- | --- |
| This warrant was received and executed with the arrest of the above-named | | |
| | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

**UNITED STATES OF AMERICA**

v.



**RENE GONZALES, JR.**

§
§
§   Criminal No.  C-08-318
§

§

### SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

#### Count One

From on or about January 1, 1998 to on or about May 20, 2008, in the United States and within

the jurisdiction of the Court, the defendants



07/16/2008 17:22 FAX 8566188089



**RENE GONZALES, JR.,**

did knowingly and intentionally conspire and agree together and with other person or persons known and unknown to the Grand Jurors, to knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved more than 1,000 kilograms of marijuana a Schedule I controlled substance and more than 5 kilograms of cocaine a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### Count Two

On or about May 11, 2005, in the Southern District of Texas, and within the jurisdiction of the court, defendants



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, that is, approximately 3,322 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Three

On or about May 27, 2006, in the Southern District of Texas, and within the jurisdiction of the court, defendants



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, that is, approximately 4,604 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Four

On or about May 28, 2006, in the Southern District of Texas, and within the jurisdiction of the court, defendants



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, that is, approximately 1,373 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Five

On or about January 20, 2007, in the Southern District of Texas, and within the jurisdiction of the court, defendants



**RENE GONZALES, JR.,**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, that is, approximately 1,820 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Six

On or about September 7, 2007, in the Southern District of Texas, and within the jurisdiction of the court, defendants



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 100 but less than 1,000 kilograms of marijuana, that is, approximately 454 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

### Count Seven

From on or about January 1, 1998 to or about May 20, 2008, in the Southern District of Texas and within the jurisdiction of the Court, defendants



RENE GONZALES, JR.,



did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the grand jury, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce which in fact involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances, with the intent to promote the carrying on of said specified unlawful activity and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (h).

### NOTICE OF FORFEITURE

As a result of the foregoing violations of Title 21, United States Code, Sections 841(a) and 846, defendants



shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of their interest in all property constituting or derived from any proceeds the defendants obtained either directly or indirectly from said violations as well as all of their interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations, including but not limited to:

A.

## B.



If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a result of any act or omission of any defendant:

    (1)      cannot be located upon the exercise of due diligence;

    (2)      has been transferred or sold to a third person or entity;

    (3)      has been placed beyond the jurisdiction of the Court;

    (4)      has been substantially diminished in value; or

    (5)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any and all other property of said defendants as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4), or (5) described above.

As a result of the foregoing violations of Title 18, United States Code, Section 1956, defendants



shall, pursuant to Title 18, United States Code, Section 982(a)(1), forfeit to the United States all of their interest in all property involved in or traceable to such offense, including but not limited to:

A.



B.

If any property subject to forfeiture by Title 18, United States Code, Section 982 (a)(1), as a result of any act or omission of any defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to a third person or entity;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek the forfeiture of any and all other property of said defendants including any property charged above and determined not be subject to forfeiture by 18 United States Code, Section 982(a)(1), as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4) or (5) described above.

As a result of the foregoing violations of Title 21, United States Code, defendants



**RENE GONZALES, JR.,**

shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of their interest in all property constituting or derived from any proceeds the defendants obtained either directly or indirectly from said violations as well as all of their interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations.

If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a result of any act or omission of any defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to a third person or entity;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any and all other property of said defendants as substitute assets for the property

AUSA Michael Chmelar 312-886-7655

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Magistrate Judge Maria Valdez |
| RENE GONZALES, JR. | ) | |

## AFFIDAVIT IN REMOVAL PROCEEDING

I, TYROLIA COLLINS, personally appearing before United States Magistrate Judge MARIA VALDEZ and being duly sworn on oath, state that as a federal law enforcement officer I have been informed that RENE GONZALES, JR. (hereinafter "Gonzales"), has been charged by Indictment in the Southern District of Texas with the following criminal offenses: conspiracy with intent to distribute a controlled substance in violation of Title 21, United States Sections 846, 841(a)(1), and 841(b)(1)(A) (Count 1); and possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A) and Title 18, United States Code, Section 2 (Count 5); and conspiracy to commit money laundering in violation of Title 21, United States Code, Section 1956(a)(1)(A)(i) and (h) (Count 7).

A copy of the Indictment is attached. I have been informed through official channels that a warrant for the arrest of Gonzales has been issued pursuant to the Indictment. A copy of the arrest warrant also is attached.

TYROLIA COLLINS
Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN to before me this 17th day of July, 2008.

MARIA VALDEZ
United States Magistrate Judge

AO 442    (Rev. 5/93) Warrant for Arrest

# UNITED STATES DISTRICT COURT

__SOUTHERN__    District of    __TEXAS__

UNITED STATES OF AMERICA

V.

**RENE GONZALES, JR.**

**WARRANT FOR ARREST**

Case    CR-C-08-318-(13)

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to    __Rene Gonzales, Jr.__

Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

X Indictment    Information   Complaint    Order of court    Violation Notice    **Probation Violation**

charging him or her with (brief description of offense)

## SEALED

in violation of Title   __18 and 21__   United States Code, Section(s)   __1956, 841, 846__

| | |
|---|---|
| Michael N. Milby | CLERK |
| Name of Issuing Officer | Title of Issuing Officer |
| *Lisa Hardwick* | Corpus Christi, TX  May 20, 2008 |
| Signature of Issuing Officer  (By: Deputy Clerk) | Date and Location |

Bail fixed at $   __NO BOND__

Peter E. Ormsby, U.S. Magistrate Judge
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA          §
                                  §
v.                                §   Criminal No.  C-08-318
                                  §
                                  §



RENE GONZALES, JR.                §

SEALED INDICTMENT

THE GRAND JURY CHARGES:

Count One

From on or about January 1, 1998 to on or about May 20, 2008, in the United States and within the jurisdiction of the Court, the defendants





**RENE GONZALES, JR.,**

did knowingly and intentionally conspire and agree together and with other person or persons known and unknown to the Grand Jurors, to knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved more than 1,000 kilograms of marijuana a Schedule I controlled substance and more than 5 kilograms of cocaine a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### Count Two

On or about May 11, 2005, in the Southern District of Texas, and within the jurisdiction of the court, defendants



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, that is, approximately 3,322 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Three

On or about May 27, 2006, in the Southern District of Texas, and within the jurisdiction of the court, defendants



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, that is, approximately 4,604 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Four

On or about May 28, 2006, in the Southern District of Texas, and within the jurisdiction of the court, defendants



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, that is, approximately 1,373 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Five

On or about January 20, 2007, in the Southern District of Texas, and within the jurisdiction of the court, defendants



**RENE GONZALES, JR.,**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, that is, approximately 1,820 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Six

On or about September 7, 2007, in the Southern District of Texas, and within the jurisdiction of the court, defendants



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 100 but less than 1,000 kilograms of marijuana, that is, approximately 454 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

### Count Seven

From on or about January 1, 1998 to or about May 20, 2008, in the Southern District of Texas and within the jurisdiction of the Court, defendants



RENE GONZALES, JR.,



did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the grand jury, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce which in fact involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances, with the intent to promote the carrying on of said specified unlawful activity and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (h).

## NOTICE OF FORFEITURE

As a result of the foregoing violations of Title 21, United States Code, Sections 841(a) and 846, defendants



shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of their interest in all property constituting or derived from any proceeds the defendants obtained either directly or indirectly from said violations as well as all of their interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations, including but not limited to:

**A.**

**B.**



If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a result of any act or omission of any defendant:

    (1)       cannot be located upon the exercise of due diligence;

    (2)       has been transferred or sold to a third person or entity;

    (3)       has been placed beyond the jurisdiction of the Court;

    (4)       has been substantially diminished in value; or

    (5)       has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any and all other property of said defendants as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4), or (5) described above.

As a result of the foregoing violations of Title 18, United States Code, Section 1956, defendants



shall, pursuant to Title 18, United States Code, Section 982(a)(1), forfeit to the United States all of their interest in all property involved in or traceable to such offense, including but not limited to:

## A.



## B.

If any property subject to forfeiture by Title 18, United States Code, Section 982 (a)(1), as a result of any act or omission of any defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to a third person or entity;

    (3)    has been placed beyond the jurisdiction of the Court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek the forfeiture of any and all other property of said defendants including any property charged above and determined not be subject to forfeiture by 18 United States Code, Section 982(a)(1), as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4) or (5) described above.

07/16/2008 17:24 FAX  9566188049                                    ☑ 009/010

As a result of the foregoing violations of Title 21, United States Code, defendants



RENE GONZALES, JR.,

shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of

their interest in all property constituting or derived from any proceeds the defendants obtained either

directly or indirectly from said violations as well as all of their interest in all property used or intended

to be used in any manner to commit or facilitate the commission of said violations.

If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a

result of any act or omission of any defendant:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to a third person or entity;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without

        difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek

the forfeiture of any and all other property of said defendants as substitute assets for the property

whose forfeiture has been impeded for reasons (1), (2), (3), (4), or (5) described above.

A TRUE BILL

FOREPERSON

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

ASSISTANT UNITED STATES ATTORNEY